UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD EARL FITZPATRICK, #662060,

       Petitioner,

                                         CASE NO. 2:10-CV-11055
v.                                       HONORABLE GERALD E. ROSEN

NICK LUDWICK,

       Respondent.
                                        /

**OPINION AND ORDER DENYING MOTION TO HOLD TIME LIMIT FOR FILING WRIT OF HABEAS CORPUS, DISMISSING CASE, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Donald Earl Fitzpatrick ("Petitioner") has filed a "Motion to Hold Time Limit for Filing Writ of Habeas Corpus" and a supporting memorandum in which he asks the Court to hold this case in abeyance so that he may fully exhaust his issues in the state courts. Petitioner has not filed a distinct petition for a writ of habeas corpus. For the reasons stated, the Court denies Petitioner's motion and dismisses this case without prejudice. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner was convicted of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a) (victim under 13), following a jury trial in the Macomb County Circuit Court and was

1

sentenced to 25 to 40 years imprisonment in 2007. He filed a direct appeal with the Michigan Court of Appeals raising claims concerning the admission of other acts evidence, the competency of a witness, and the scoring of his sentencing guidelines. The Michigan Court of Appeals affirmed his conviction and sentence. *See People v. Fitzpatrick*, No. 282429, 2009 WL 1027461 (Mich. Ct. App. April 16, 2009). Petitioner attempted to seek leave to appeal with the Michigan Supreme Court, but his late application was rejected. *See* Mich. Ct. App. Dkt. Petitioner then filed a motion for relief from judgment in the state trial court, apparently raising those same claims as well as claims concerning the constitutionality of his minimum sentence, ex post facto and due process violations, prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and double jeopardy. *See* Pet.'s Motion. The trial court denied the motion on February 16, 2010. *See* Macomb Co. Cir. Ct. Dkt. Petitioner filed a motion for reconsideration with the trial court on March 16, 2010, which remains pending. *Id.*

Petitioner dated the instant motion on March 9, 2010. He states that he seeks to fully exhaust all of his issues (as presented to the state courts on direct appeal and collateral review) before proceeding with his federal habeas corpus petition and ask the court to hold this case in abeyance. Petitioner has not filed a separate habeas petition with his motion.

**III.    Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the

prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner acknowledges that he has not fully exhausted his proposed habeas claims. It appears that he is in the process of appealing the state trial court's denial of his motion for relief from judgment concerning the disputed conviction. Petitioner must complete the state court process before seeking habeas relief in this Court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Petitioner asks the Court to hold this case in abeyance pending the resolution of his motion for relief from judgment in the state courts. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present

his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In this case, however, it appears that none of Petitioner's claims have been fully exhausted in the state courts as he did not file a timely direct appeal with the Michigan Supreme Court and has not completed the state collateral review process. A stay is not appropriate under such circumstances. Additionally, Petitioner has not shown the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on April 16, 2009. He then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(3); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). He did not do so. Accordingly, his conviction became final on June 11, 2009 when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[1]  Petitioner was thus required to file his federal habeas petition by June 11, 2010, excluding any time during which a properly filed application for state post-conviction or collateral

---

[1] Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to file a timely application for leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

review was pending in accordance with 28 U.S.C. § 2244(d)(2). Petitioner filed his motion for relief from judgment in the state trial court sometime on or before February 16, 2010. The one-year period was then tolled and will remain tolled for his related appeals, as long as they are properly filed. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).[2] Once Petitioner completes state collateral review, he will have at least four months of the one-year period remaining in which to seek federal habeas relief. Petitioner has sufficient time to fully exhaust his issues in the state courts and return to federal court. Additionally, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his potential claims in the state courts before proceeding in federal court. Lastly, Petitioner's unexhausted claims appear to concern matters of federal law which may warrant further review. Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the case is appropriate.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner must fully exhaust all of his claims in the state courts before proceeding in federal court on habeas review. Accordingly, the Court **DENIES** Petitioner's "Motion to Hold Time Limit for Filing Writ of Habeas Corpus" and **DISMISSES WITHOUT PREJUDICE** the instant case. The Court makes no determination as to the merits of Petitioner's claims.

---

[2]While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). In this case, such federal time is inconsequential as it will be subsumed within the state collateral review period and tolled on that basis.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability is warranted only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2010, by electronic mail and to Donald Earl Fitzpatrick, #662060, St. Louis Correctional Facility, 8585 Croswell Road, St. Louis, Michigan 48880 by ordinary mail.

s/RuthA. Gunther
Case Manager